[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 13, 1996 Date of Application September 13, 1996 Date Application Filed September 23, 1996 Date of Decision May 27, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Litchfield.
Christopher M. Cosgrove, Esq., Defense Counsel, for CT Page 7032 Petitioner.
David Shepack, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
The petitioner, was originally sentenced in 1988 to an effective sentence of 20 years, execution suspended after 10 years, on charges of Attempted Escape from Custody in one file and charges of Sexual Assault 2nd degree and Risk of Injury to a Minor in the other. He was released from custody in 1995 and his probationary term of 5 years commenced at that time. Within the year he was charged with violation of probation for failing to report, failing to attend sex offender counseling as directed and failing to advise probation when he changed residence.
He had also been arrested (in March 1996) for interfering with police (he fled after a police stop but was caught after a car and foot chase). He admitted burglarizing residences and selling stolen property. When sentenced for the violation of probation, he had charges of burglary, 2nd degree and larceny 1st degree pending — allegedly a night time residential burglary with some $23,000 in losses reported.
Although not before us for review, it was reported that the petitioner, pursuant to a plea agreement for consecutive time, pleaded guilty to charges in connection with that burglary.
Counsel for the petitioner takes issue with a couple of statements in the pre-sentence report, including that petitioner's mother has not given up on him, but has communication with him, and he states that the petitioner was working prior to his arrest whereas the report says he was not. Since the sentencing Court did not comment on these things, it may be inferred these matters were of little or no significance. CT Page 7033
Counsel suggests that since the petitioner admitted him violation, thus saving the State the expense of a hearing, he should get some consideration for that (the Court revoked the probation and imposed the full balance of the sentence, which was 10 years).
The petitioner has a substantial record. The sentencing Court had good reason to conclude the beneficial purposes of probation could not be attained for this petitioner. There was no agreement as to any specific disposition and, simply, the petitioner has no entitlement to less than the unexecuted portion of his sentence when he violates probation. Under the egregious background presented, the sentence imposed was reasonable and appropriate. (See P.B. § 942).
It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.